Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Anna Morse

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anna Morse<br><br>              Plaintiff,<br><br>v.<br><br>Bertrand Management Group, LLC, a.k.a. BM Group, LLC, and Gail Doe. | **Case No:** '11CV2364 MMA CAB<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Anna Morse, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Bertrand Management Group, LLC, a.k.a. BM Group, LLC, and Gail Doe ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

11. Plaintiff is a natural person who resides in the City of San Diego, State of California.

12. Defendants are located in the City of Ontario, in the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

1  debts owed or due or asserted to be owed or due another and is therefore a
2  debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. The true name of Gail Doe is currently unknown to Plaintiff who alleges Gail Doe was responsible in some manner for the injuries sustained by Plaintiff as hereinafter alleged. Plaintiff requests leave to file an amendment to this Complaint alleging the true complete name of Gail Doe when this name has been ascertained.

19. Any acts or omissions of Gail Doe alleged in this Complaint were under the direct control or supervision of Defendant Bertrand Management Group, LLC, and consequently Defendant Bertrand Management Group, LLC is vicariously liable for these acts or omissions.

### FACTUAL ALLEGATIONS

20. Sometime before September 28, 2011, Plaintiff is alleged to have incurred certain financial obligations.

HYDE & SWIGART
San Diego, California

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before September 28, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before September 28, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

25. On or about September 28, 2011, Plaintiff's co-worker, Sarah Wade, a third party as that phrase is anticipated by 15 U.S.C. §1692c(b), received a telephone call from Defendant Bertrand Management Group, LLC's representative. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b). This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b), as well as Cal. Civ. Code § 1788.17.

26. During this conversation with Ms. Wade, Defendant's representative gave Ms. Wade a message for Plaintiff stating that Plaintiff was being sued and that Defendant Bertrand Management Group, LLC was sending a person to Plaintiff's "location" to serve her papers. Defendant's representative told Ms. Wade that Plaintiff's case number was "CA7356ML" and that the call was from "Christopher King" of the "BM Law Group" when in fact no law suit has been initiated against Plaintiff by Defendant and Defendant Bertrand Management Group, LLC is not a law office.

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2 (b) defines that phrase.

28. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e (10), as well as Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A), as well as Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendants made a false representation or implication that any individual is an attorney or that any communication is from an attorney.  Consequently, Defendants violated 15 U.S.C. § 1692e(3), as well as Cal. Civ. Code § 1788.17.

31. That same day, September 28, 2011, after Plaintiff received the message, Plaintiff called Defendants and spoke with Defendant Gail Doe. Gail Doe told Plaintiff that she sent a dunning letter eight (8) months prior Plaintiff's home address. Gail  Doe told Plaintiff that the letter stated that failure to pay the amount would result in legal action. Plaintiff contacted the original creditor of the alleged underlying debt and found that eight (8) months prior, the original creditor still owned the account.

32. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal. Civ. Code § 1788.17.

33. During that same phone call with Gail Doe, Gail Doe told Plaintiff that Plaintiff had an outstanding debt with Chase Bank and that Chase Bank was suing her, when in fact, no lawsuit has been initiated against Plaintiff by either Defendant or Chase Bank. Gail also identified her employer as the BM "Law Group" or "Law Office".

34. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendants made a false representation or implication that any individual is an attorney or that any communication is from an attorney. Consequently, Defendants violated 15 U.S.C. § 1692e(3) as well as Cal. Civ. Code § 1788.17.

36. During this conversation, Gail Doe told Plaintiff that if Plaintiff did not pay $1,900.00 that day, Plaintiff would have to go to court and Plaintiff would end up with a garnishment of Plaintiff's wages totaling to $5,000.00.

37. Through this conduct, Defendants represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful Defendants did not intended to take such action. Consequently, Defendant violated 15 U.S.C. § 1692e(4) as well as Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal. Civ. Code § 1788.17.

39. Also during this conversation, Gail Doe told Plaintiff that since Plaintiff is very young, if Plaintiff had a garnishment, Plaintiff would not be able to get a job for the next five to ten years.

40. Through this conduct, Defendants represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful Defendants did not intended to take such action. Consequently, Defendants violated 15 U.S.C. § 1692e(4) as well as Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal. Civ. Code § 1788.17.

42. Finally, this conversation between Plaintiff and Defendant, Gail Doe, ended after Gail Doe told Plaintiff that a person had already been to Plaintiff's location in Julian, California to serve her documents and that another person would be coming the again on September 29, 2011 to serve Plaintiff.

43. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal. Civ. Code § 1788.17.

44. On the same day, September 28, 2011, because Plaintiff was in shock and frightened by the actions Defendants' alleged to be taking against Plaintiff, Plaintiff sought help from her mother, Janet Morse, in dealing with Defendants. Ms. Morse called Defendants' office and was connected to the same person called Gail Doe. Gail Doe disclosed information about the alleged debt to Ms. Morse without the permission of Plaintiff.

45. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not

reasonably necessary to effectuate a post-judgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendants. Consequently, Defendants violated 15 U.S.C. § 1692c(b) as well as Cal. Civ. Code § 1788.17.

46. During this phone conversation between Gail Doe and Ms. Morse, Gail Doe told Ms. Morse that Defendant Bertrand Management Group, LLC has a recording of Plaintiff allegedly admitting to owing the debt. Defendants never disclosed recording any phone conversations with Plaintiff, nor did it ever obtain permission to record. Defendant Gail Doe told Ms. Morse that Defendants record all of its phone calls and that it is not required to disclose such act. Consequently, Defendants violated Cal.PenalCode §§ 631 and 632.

47. On or about September 29, 2011, Plaintiff's co-worker, Amanda Smith, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a telephone call from Defendant Bertrand Management Group, LLC's unidentified representative. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b). This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendants violated 15 U.S.C. § 1692c(b) as well as Cal. Civ. Code § 1788.17.

48. On that same occasion, Defendant contacted Ms. Smith by telephone at Plaintiff's place of employment. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

49. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3) as well as Cal. Civ. Code § 1788.17.

50. During that conversation with Ms. Smith, Defendant's representative asked Ms. Smith if Plaintiff was available, if there was anyone Defendant could talk to regarding the debt, if a manager was available to talk about the debt, and if the Defendant could talk about the debt with Ms. Smith. Ms. Smith responded in the negative to all of Defendant's questions and ended the conversation.

51. Through this conduct, Defendant communicated with a person other than the consumer for reasons other than acquiring location information. Consequently, Defendant violated 15 U.S.C. § 1692c(b) as well as Cal. Civ. Code § 1788.17.

52. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3) as well as Cal. Civ. Code § 1788.17.

53. Subsequently, but on that same day, September 29, 2011, Defendant Bertrand Management Group, LLC's representative called Plaintiff's cellular phone twice and left one message stating that a person was coming to Plaintiff's location to serve her papers between 2:00 PM and 4:00 PM.

54. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5) as well as Cal. Civ. Code § 1788.17.

55. On or about September 30, 2011, Defendant called Plaintiff's cellular phone three times, and left one message from a person calling herself "Diane" demanding Plaintiff to call her back to resolve the matter. On that same day, after trying to reach Plaintiff, Defendant called Plaintiff's place of employment and spoke with the manager, Christy Connell. During this conversation with Defendant, Ms. Connell advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1) as well as Cal. Civ. Code § 1788.17.

56. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3) as well as Cal. Civ. Code § 1788.17.

57. Subsequently, but still on September 30, 2011, Defendant called Plaintiff's mother's place of employment demanding to speak with Plaintiff and to gather information about Plaintiff's whereabouts.

58. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3) as well as Cal. Civ. Code § 1788.17.

59. The same day, Plaintiff's counsel contact Defendant's office a spoke with "Markay" to inform him that all communication with Plaintiff must now be directed to her counsel as she has retained an attorney in connection with the alleged debt consistent with 15 U.S.C. §1692c(a)(2). Plaintiff's counsel also obtained Defendant's fax number from Markay and successfully faxed a letter stating that Plaintiff is represented by counsel and all communication with Plaintiff must cease.

60. After speaking with Plaintiff's counsel and receiving Plaintiff's counsel's fax, Defendant continued to contact Plaintiff's cellular phone twice on October 3, 2011, once on October 4, 2011, and once on October 5, 2011 thereby violating Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2).

61. Plaintiff suffered from fear, anxiety, and shock as a result of Defendants' actions. After speaking with Defendants, Plaintiff was almost hysterical and inconsolable. Plaintiff took time off of work out of fear from Defendants' threats to physically go to Plaintiff's location.

//
//

# CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

#### 15 U.S.C. §§ 1692 ET SEQ.

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

#### CAL. CIV. CODE §§ 1788-1788.32

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

67. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III

### INVASION OF PRIVACY

### INTRUSION INTO PRIVATE AFFAIRS

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

69. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.

70. Defendants intentionally intruded into this expectation of privacy.

71. Defendants intrusion would be highly offensive to a reasonable person.

72. Plaintiff was harmed.

73. The conduct of Defendants was a substantial factor in causing Plaintiff this harm.

## COUNT IV

### ILLEGAL TELEPHONE RECORDING

### CALIFORNIA PENAL CODE SECTION 632

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

75. Defendants intentionally monitored and/or made secret recordings of telephone calls concerning confidential matters between Plaintiff and Defendants, without the consent of Plaintiff, who was a party to the call.

76. This conduct by Defendants violated section 632 of the California Penal Code.

77. Section 637.2 of the California Penal Code section provides a civil remedy to Plaintiff based upon Defendants' violation of California Penal Code section 632.

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Special, general, compensatory and punitive damages;
- An amount of $5,000 for each violation of section 632 of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiff, whichever is greater.

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 12, 2011       By:/s/ Joshua B. Swigart
                              Joshua B. Swigart
                              Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anna Morse

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Bernardino, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'11CV2364 MMA CAB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,001.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: October 12th, 2011
SIGNATURE OF ATTORNEY OF RECORD: /s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____